State vs. Richardson et al.

---

STATE vs. RICHARDSON et al.

BAIL BONDS: *What necessary to validity of, etc.*

 The record should show that the bond was filed in court, that it was taken by an officer authorized to take and approve bail bonds, and that the defendant was discharged upon execution of the bond; but these facts will be presumed on demurrer, and can only be put in issue by answer.

APPEAL from *Desha* Circuit Court.

Hon. J. P. CLAYTON, Special Circuit Judge.

*T. D. W. Yonley,* Attorney General, for appellants.

*Pindalls,* for appellees.

SEARLE, J.   The record before us in this case discloses the following facts:   At the spring term, 1872, of the Desha circuit court, one Abner was indicted for murder.   The cause being continued to the fall term, 1872, Abner, with the appellees as his securities, entered into a bond of five hundred dollars, as required by the court, for his appearance, etc., at said term.   Failing to appear according to the conditions of the bond, the same was forfeited, and summons issued for the securities, etc.   At the following term they made their ap-

pearance, and demurred to the bond and proceedings had thereon, specifying several grounds of objection thereto, as follows:

1. That the bond, and proceedings thereon had, do not state facts sufficient to constitute a cause of action.

2. That the bond of Abner does not sufficiently appear to have been filed in this court.

3. That the bond was not taken by an officer authorized by law to take and approve a bail bond.

The demurrer was sustained, and the state, standing thereon, appealed.

The only grounds of objection which a demurrer to the complaint in civil actions will reach are specified in sec. 111, Civil Code of Practice.

The demurrer in this case does not specify that the court below had no jurisdiction of the person of the defendant, or the subject of the action, or that the plaintiff had not legal capacity to sue, or that there is another action pending between the same parties for the same cause, or that there was a defect of parties, etc. The demurrer, therefore, only goes to the legal sufficiency of the bail bond and the proceedings had thereon. See secs. 111 and 112, Civil Code.

Upon a careful examination of the record before us, we find that Abner was in custody upon a charge of murder; that the court ordered him to be discharged upon his giving bond in the sum of five hundred dollars; that he gave bond in said amount in strict pursuance of sec. 77, Crim. Code, with the appellees herein as securities; that at the next term he was called and failed to make his appearance in accordance with the conditions of the bond; that the securities were likewise called to bring their principal into court, which they failed to do, and that thereupon the bail bond was forfeited as required by sec. 88, Crim. Code. But it does not appear from the record

that the bond was filed in the circuit court, that it was taken by an officer authorized by law to take and approve bail bonds, and that the defendant Abner was, upon the execution of the bond, discharged from custody.

As to the first of the above mentioned omissions, we think that it was formal, and was cured by sec. 80 of the Crim. Code. The other omissions cannot be disposed of in this way. It is necessary to the validity of a bail bond that it be taken by an officer authorized by law to take bail, and the discharge of the defendant upon the execution of the bond is also necessary, for that is the consideration thereof. But when these facts do not appear upon the record, they will be presumed, and the record without them will be good upon demurrer. If the appellees desired to place these in issue, they should have done so by answering. The court below therefore erred in sustaining the demurrer, and for this error the judgment must be reversed, and the cause remanded for further proceedings in accordance with law, and not inconsistent with this opinion.